IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Aviles, | No. CV-16-01863-PHX-GMS (ESW) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

**TO THE HON. G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Mario Aviles' ("Petitioner") amended "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" (the "Amended Petition") (Doc. 15). Petitioner is serving a twenty-two year prison term after a jury convicted him of second-degree murder in an Arizona state criminal case. (Doc. 29-2 at 16). After reviewing the parties' briefing (Docs. 15, 22, 36), the undersigned recommends that the Court dismiss the Amended Petition as untimely.

## I. LEGAL STANDARDS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214,[1] a state prisoner must file his or her federal habeas petition within one year of the latest of:

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

A. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;

C. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or

D. The date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).  The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling.  Under AEDPA's statutory tolling provision, the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending."   28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

AEDPA's statute of limitations is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases.").   Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014).   A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way.  *Pace v.*

- 2 -

*DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

## II.  DISCUSSION

### A.  This Proceeding is Untimely By A Number of Years

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is the date on which Petitioner's judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on May 23, 2006.  (Doc. 23 at 3-9).  The Arizona Supreme Court denied review on October 12, 2006.  (*Id.* at 3).  Petitioner had ninety days from October 12, 2006 (until January 10, 2007) to petition the United States Supreme Court for review of the decision.  *See* Sup. Ct. R. 13.  Petitioner did not seek such review.  Accordingly, Petitioner's convictions and sentences became final on January 10, 2007, and the one-year statute of limitations began running on January 11, 2007.  *See Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations).  Consequently, unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a federal habeas petition expired on January 10, 2008.

### 1.  Statutory Tolling Applies

The limitations period is tolled during the time a "properly filed" state collateral review petition is "pending."  28 U.S.C. § 2244(d)(2).  A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing requirements in

determining whether habeas petitioner's PCR petition was a "properly filed" application that is eligible for tolling).

In Arizona, a post-conviction relief ("PCR") proceeding becomes "pending" as soon as the notice of PCR is filed. *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona postconviction rules demonstrate that the proceedings begin with the filing of the Notice."). It remains "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes "[t]he time between (1) a lower state court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original).

On December 21, 2006, before Petitioner's convictions became final, Petitioner filed a PCR Notice. (Doc. 23 at 11-14). The limitations period therefore was immediately tolled when Petitioner's convictions became final on January 10, 2007. The trial court dismissed the PCR proceeding on December 19, 2007.[2] (Doc. 24 at 3-6). Petitioner did not petition the Arizona Court of Appeals for review of the dismissal. Because Petitioner did not petition the Arizona Court of Appeals for review, AEDPA's limitations period recommenced on December 20, 2007. *See Hemmerle*, 495 F.3d at 1074 (9th Cir. 2007) (properly filed PCR notice tolled AEDPA's statute of limitations until "summarily dismissed" by trial court, where prisoner did not petition for review of dismissal); *Gold v. Hennessy*, CR 04- 1252-PHX-JAT, 2006 WL 1516009, at *4 (D.

---

[2] The trial court's minute entry explicitly states that December 19, 2007 is the date the minute entry was electronically filed. (Doc. 24 at 3). Underneath this date is the date "12/17/2007," which Respondents use in calculating the limitations period. (Doc. 22 at 5). The Arizona Supreme Court has explained that the date in the upper corner of Maricopa County minute entries "is not necessarily the filing date. In most instances, it is the date the deputy clerk of the division first begins to type the minute entry. The typing may take more than one day. Sometimes it is the last date of typing of the minute entry." *See Matter of Maricopa County Juvenile Action No. JS-8441*, 849 P.2d 1371, 1372 (Ariz. 1992).

Ariz. May 30, 2006) ("It follows that if a petition is not timely filed, then the interval is not tolled. . . . Thus, an appeal that is never filed cannot be considered timely; Petitioner cannot reap the benefit of AEDPA's tolling mechanism without actually filing her petition for review of the PCR denial."); *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (rejecting a habeas petitioner's argument that statutory tolling applied during the period in time in which he could have filed a petition for certiorari review in the U.S. Supreme Court regarding state court's denial of post- conviction relief; stating that "[b]ecause [petitioner] never filed a petition for certiorari review in the Supreme Court, his potential certiorari petition was never 'properly filed.'") (quoting *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000)).

As the limitations period recommenced on December 20, 2007 and no time had previously run off the limitations "clock," Petitioner had until December 19, 2008 to file his federal habeas petition.[3]  Once the statute of limitations has run, subsequent collateral review petitions do not "restart" the clock. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Because the limitations period had expired in December 2008, Petitioner's subsequent PCR proceedings initiated in 2010 and 2013 had no statutory tolling effect.[4]  (Doc. 24 at 8-33, 35-47).  This federal habeas proceeding, filed on June 10, 2016, is untimely unless equitable tolling applies.

### 2. Equitable Tolling Does Not Apply

The standard for equitably tolling the one-year habeas limitations period is a very high bar and is reserved for rare cases. *Yow Ming Yeh v. Martel*, 751 F.3d 1075 (9th Cir.

---

[3] As 2008 was a leap year, the limitations period amounted to 366 days instead of 365.  *See United States v. Tawab*, 984 F.2d 1533, 1534 (9th Cir.1993) ("year" under federal rules includes 366 days during leap year, not 365 days); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000), *cert. denied,* 521 U.S. 878 (2000) (calculating the 1–year period using the "anniversary method" rather than the "calendar-year method" even during a leap year.).

[4] In 2010, Petitioner filed a letter that the trial court construed as a PCR Notice. (Doc. 24 at 8-30).  The trial court dismissed the PCR proceeding on November 4, 2010. (*Id.* at 32-33).  On August 15, 2013, Petitioner initiated a third PCR proceeding, which the trial court dismissed on September 6, 2013.  (*Id.* at 35-47).

2014); *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) ("Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'") (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). It is a petitioner's burden to establish that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

As previously discussed, a petitioner seeking equitable tolling must establish that: (i) he or she has been pursuing his or her rights diligently and (ii) that some extraordinary circumstances stood in his or her way. "Equitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a petitioner's lack of diligence, accounted for the failure to file a timely petition." *Smith v. Ratelle*, 323 F.3d 813, 821 (9th Cir. 2003).

Respondents correctly observe (Doc. 22 at 6) that Petitioner does not assert in the Amended Petition any grounds for equitable tolling. Petitioner does not address the equitable tolling issue in his Reply (Doc. 36). However, in responding to Respondents' argument that his habeas claims are alternatively procedurally defaulted, Petitioner asserts that there is cause to excuse the procedural default because "the state has failed to provide petitioner with an 'adequate law library or adequate assistance from persons trained in the law.'" (*Id.* at 7). Petitioner also asserts that cause exists to excuse the procedural default because he is a "Mexican national," is "not educated in matters of the law and relies on 'jail-house' lawyers to assist him in legal matters," does not have access to a law library, and "suffers from an intellectual impairment that hinders his ability to comprehend 'the substantive details of federal constitutional law.'" (*Id.* at 9). To the extent that this argument may be construed as an argument for equitable tolling, it is without merit.

First, the lack of inmate assistance is not an extraordinary circumstance "given the

vicissitudes of prison life." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (rejecting petitioner's argument that delay in filing habeas petition was justified due to petitioner's "pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions justified the delay"). There is no indication in the record that the circumstances of Petitioner's incarceration made it "impossible" for Petitioner to timely file a federal habeas petition. *Id.* (finding that equitable tolling did not apply where there was "no indication in the record that [circumstances] made it 'impossible' for [prisoner] to file on time"); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2002) (allegations that the petitioner lacked legal knowledge and had to rely on other prisoners for legal advice and in preparing his papers "cannot justify equitable tolling" as such circumstances are not "extraordinary").

Second, ignorance of the law is insufficient to warrant equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness");[5] *Rasberry v. Garcia*, 448 F.3d at 1154 ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

The undersigned finds that Petitioner has failed to show the existence of "extraordinary circumstances" that were the proximate cause of the untimely filing of this proceeding. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (for equitable tolling to apply, a "prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness"). Accordingly, the undersigned does not find that equitable tolling applies in this case. The undersigned finds that the Amended Petition (Doc. 15) is

---

[5] *Johnson* involved a collateral review proceeding filed by a federal prisoner under 28 U.S.C. § 2255. Section 2254 petitions and Section 2255 motions are treated the same for purposes of determining whether equitable tolling applies. *United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004) ("The two sections have the same operative language and the same purpose. We fail to see any reason to distinguish between them in this respect.").

untimely.[6]

### B. The Petition's Untimeliness is Not Excused by the Actual Innocence Gateway/Miscarriage of Justice Exception

In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "Schlup gateway" or the "miscarriage of justice exception."

Under *Schlup*, a petitioner seeking federal habeas review under the miscarriage of justice exception must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir.2011); *McQuiggin*, 133 S.Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence"). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

Here, Petitioner does not dispute that he shot the victim, but asserts that it was in the heat of passion. (Doc. 15 at 29-30, 32). Petitioner asserts that his second-degree

---

[6] The Ninth Circuit has explained that a habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true,* entitle him to equitable tolling.'" *Roy*, 465 F.3d at 969 (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003) (emphasis in original). As Petitioner has not presented such an allegation, the undersigned does not recommend that the Court hold an evidentiary hearing.

murder conviction "must be corrected to conform to the . . . evidence that the Plaintiff is guilty of manslaughter a crime not of malice but rather that of passion." (*Id.* at 29-30) (emphasis omitted). Petitioner's argument concerns the legal sufficiency of his conviction. Therefore, to the extent Petitioner presents a *Schlup* gateway claim, it is without merit. *See Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1015 (11th Cir. 2012) (holding that the *Schlup* gateway does not extend to defendants "who did the killing and whose alleged 'actual innocence' of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide"); *Pierce v. Trimble*, No. 2:12–cv–0506 GGH P, 2013 WL 5708668, at *2 (E.D. Cal. Oct. 15, 2013) (rejecting actual innocence *Schlup* gateway claim of habeas petitioner who argued that he was actually innocent of second degree murder and "that his culpability should have been reduced to manslaughter if his counsel had been effective in producing witnesses testifying to the victim's previous attacks on petitioner").

The undersigned does not find that the record and pleadings in this case contain "evidence of innocence so strong that [the Court] cannot have confidence in the outcome of the trial." *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). Accordingly, the undersigned does not recommend that the untimeliness of this proceeding be excused by applying the actual innocence/miscarriage of justice exception. *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("we have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt").

## III.  CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Amended Petition (Doc. 15) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Amended Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of February, 2018.

_____

Eileen S. Willett
United States Magistrate Judge

- 10 -