**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Aviles,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-16-01863-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner Mario Aviles's amended Petition for Writ of Habeas Corpus. (Doc. 15). Magistrate Judge Eileen S. Willett has issued a Report & Recommendation (R&R) in which she recommends that the Court dismiss the Amended Petition as untimely. (Doc. 38). Petitioner filed objections to the R&R. (Doc. 39). For the following reasons, the Court adopts the R&R and dismisses the motion.

## BACKGROUND

On April 7, 2005, Petitioner was convicted of second-degree murder by a jury in the Maricopa County Superior Court.[1] (Doc. 22, Ex. R). The jury also found four aggravating circumstances: the offense involved damage to property, the offense caused emotional or financial harm to the victim's family, the Petitioner was previously convicted of a felony in the prior ten years, and the Petitioner had assaulted the victim two days before the murder. *Id*. Petitioner was sentenced to a term of twenty-two years of imprisonment. *Id*. at Ex. S.

---

[1] *State v. Aviles*, CR-2004-021424-001 DT.

Petitioner filed a direct appeal to the Arizona Court of Appeals on January 11, 2006.[2] *Id.* at Ex. T. The Court of Appeals affirmed the conviction on May 23, 2006. *Id.* at Ex. A. The Arizona Supreme Court denied the petition for review on Octover 12, 2006. *Id.* Petitioner also filed a Notice of Post-Conviction Relief ("PCR") on December 21, 2006. *Id.* at Ex. B. The trial court denied the PCR petition on December 17, 2007.[3] *Id.* at Ex. E. Petitioner did not seek review in the Court of Appeals. Petitioner filed additional PCR notices in 2010 and 2013, both of which were dismissed by the trial court. *Id.* at Exs. F, G, H, I. This federal habeas petition brought under 28 U.S.C. § 2254 was filed on June 10, 2016.

## DISCUSSION

**I.    Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court." *Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to [a petition] for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.")). The limitation period generally begins to run when the state conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) ("Under the AEDPA . . . a state prisoner must file his federal habeas corpus petition within one year of the date his state conviction became final.").

The one-year limitation period, however, is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is "pending" before the state court. 28 U.S.C. § 2244(d)(2); *see Jenkins*, 330 F.3d at 1149 (citing *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999)); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir. 2002) ("[B]y its plain terms § 2244(d)(2) requires tolling during the pendency of a properly-filed state petition."). The "circumstances under which a state petition will be

---

[2] *State v. Aviles*, No. 1 CA-CR 05-0720 (Ariz. Ct. App. 2006).
[3] The order was not electronically filed until December 19, 207. (Doc. 22, Ex. E, p. 1).

- 2 -

deemed 'pending' for purposes of . . . §2244(d)(2) is a federal question." *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003). In *Carey v. Saffold*, the United States Supreme Court looked to the ordinary meaning of the word "pending" and stated that a petition "is pending as long as the ordinary state collateral review process is 'in continuance'--*i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" 536 U.S. 214, 219–20 (2002).

Equitable tolling of AEDPA's limitation period, however, is not available in most cases. *See Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part on other grounds). To justify equitable tolling, a petitioner must show that "extraordinary circumstances beyond his control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (citing *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)); *see Calderon*, 128 F.3d at 1289; *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The Court must "take seriously Congress's desire to accelerate the federal habeas process" and may equitably toll the AEDPA's limitation period only "when this high hurdle is surmounted." *Calderon*, 128 F.3d at 1289.

## II. Analysis

The Magistrate Judge determined that Petitioner's habeas petition was untimely filed. After the Arizona Supreme Court denied review on October 12, 2006, Petitioner had ninety days to seek review with the United States Supreme Court. Petitioner did not file for such review. Thus, Petitioner's convictions became final on January 10, 2007. Because Petitioner had filed his Notice of PCR on December 21, 2006, before his convictions became final, the limitations period was automatically tolled on January 10, 2007. The trial court's order denying the PCR petition was filed on December 19, 2007. As the statute of limitations was automatically tolled, no time had run on the statute of limitations. Petitioner therefore had until December 19, 2008 to file his federal habeas

petition. Petitioner did not file his habeas petition until June 10, 2016, significantly past AEDPA's limitations period. The Magistrate Judge found that equitable tolling did not apply.

Petitioner raises four objections to the R&R: (1) the prison's law library is insufficient and does not have information about AEDPA in Spanish; (2) the Petitioner is entirely reliant on attorneys or other persons trained in the law; (3) Petitioner was not provided adequate assistance in his PCR proceedings or federal habeas proceedings; and (4) these extraordinary circumstances establish cause and prejudice for failure to comply with AEDPA.

The Petitioner's "*pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling." *Martin v. Ryan*, No. 17-cv-2160-PHX-DLR (DKD), Doc. 16 at *7 (D. Ariz. filed April 17, 2018) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)). The Ninth Circuit has held that the "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances." *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). Thus, the Ninth Circuit "rejected a per se rule that a petitioner's language limitations could justify equitable tolling, but [ ] recognized that equitable tolling may be justified if language barriers actually prevent timely filing." *Id*. Therefore, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id*. at 1070. A petitioner who "demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." *Id*.

Petitioner has failed to meet this burden. First, Petitioner has provided no information or evidence about his "diligent efforts" to procure legal materials in his own

- 4 -

language during the period of the AEDPA statute of limitations, December 2007 to December 2008. Petitioner does not mention what actions he took to try to access Spanish-language information about AEDPA. *See Martin*, No. 17-cv-2160, at *7 (stating that Petitioner "does not claim that he asked anyone, either prison staff or inmates, about the profess for inmates to file a *pro per* PCR petition, about appealing a dismissal of such a petition, about filing a federal habeas claim, or any other sort of legal assistance"); *Ramirez-Quintero v. Ryan*, No. 16-cv-04085-PHX-DGC (JZB), Doc. 16 at *5 ("Instead, the record reveals a 9-year gap between his first two PCR proceedings with no demonstration of diligence on Petitioner's part. Further, he was able to file numerous motions in the Superior Court and the Arizona Court of Appeals from 2014 to 2016, but did not file this Petition until November 2016."). Second, Petitioner only alleges that Spanish is his native language; Petitioner has not established that he has not gained proficiency in English as a second language. Third, Petitioner has not provided evidence about the prison's allegedly deficient law library. Petitioner generally alleges that the library does not have AEDPA information in Spanish. But Petitioner does not discuss whether translation services were available and whether he attempted to access them. *Cf. Mendoza*, 449 F.3d at 1067–68 (noting that the Petitioner provided 47 declarations from Spanish-speaking inmates declaring that they had been to the law library, found no Spanish books, and that the librarians and legal clerks did not speak Spanish). Finally, Petitioner was able to file a Notice of PCR in December 2006 and a Petition for PCR in June 2007. (Doc. 22, Exs. B, D). Petitioner filed subsequent PCR filings in November 2010 and August 2013. *Id*. at Exs. F, H. All of these filings were completed in English. Petitioner has not explained how he had sufficient English language skills (or access to translators) to complete these filings, but did not have access to the same skills or assistance to file his habeas petition. *See Lucena-Velez v. Schiriro*, No. 06-cv-2093-PHX-FJM, Doc. 23 at *6 (D. Ariz. filed July 3, 2007) (noting that "Petitioner was, notwithstanding his language abilities, able to file two timely habeas petitions" earlier). Therefore, the Petitioner has not met his burden of establishing extraordinary

circumstances existed and the Court finds that equitable tolling does not apply.

Petitioner further argues that *Martinez v. Ryan*, 566 U.S. 1 (2012), provides that ineffective assistance of counsel can excuse untimely filings. But, *Martinez* does not address whether an untimely habeas petition may be excused; rather, *Martinez* holds that inadequate assistance of counsel in state collateral proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. Therefore, *Martinez* does not provide an excuse for Petitioner's untimely filing.

Finally, Petitioner argues that his aggravated sentence is unconstitutional. The untimeliness of a federal habeas petition may be excused in the rare circumstances where the Petitioner establishes actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 391–96 (2013). Petitioner asserts that none of the aggravating factors were found by a jury beyond a reasonable doubt. But, the trial record reveals that this claim is false. The jury unanimously found each of the four factors used to aggravate the crime. (Doc. 22, Ex. R, pp. 99–100). Moreover, Petitioner's dispute of the aggravating factors does not establish his factual innocence of the crime.

## CONCLUSION

Petitioner's federal habeas claim is untimely by almost eight years. Petitioner has not established that equitable tolling applies. Although the lack of Spanish legal materials can provide for equitable tolling, Petitioner has not shown that he pursued his claims diligently while the AEDPA statute of limitations was pending or that he sought help to gain access to Spanish materials and translation services. Additionally, Petitioner has filed multiple appeals in state and federal court in English, and has not explained why he was able to file those claims but could not file his federal habeas claim on time. Petitioner's further claims are without merit and are time barred.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 38) is **adopted** and the Amended Petition for Writ of Habeas Corpus of Mario Aviles (Doc. 15) is d**ismissed with prejudice**.

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 31st day of August, 2018.

_____
Honorable G. Murray Snow
United States District Judge